UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

EARL THOMAS,                          :
                                      :
          Plaintiff                   :      No. 1:14-CV-00446
                                      :
     vs.                              :      (Judge Kane)
                                      :
TABB BICKELL, et al.,                 :
                                      :
          Defendants                  :

MEMORANDUM

## Background

On March 11, 2014, Plaintiff Earl Thomas, an inmate at the State Correctional Institution, Huntingdon, Pennsylvania ("SCI-Huntingdon") filed a civil rights complaint pursuant to 42 U.S.C. § 1983 claiming that his First, Eighth and Fourteenth Amendment rights were violated when medication for his "latent tuberculosis" was discontinued and when he was denied the opportunity to participate in a sex offender program which was recommended for him as a prerequisite for being granted parole. (Doc. No. 1.) Thomas named as defendants the following individuals employed at SCI-Huntingdon: (1) Tabb Bickell, Superintendent; (2) Mark Garman, Deputy Superintendent; (3) Richard Goss, psychologist; (4) Krista Fisher, psychological services specialist; (5) Chris Cook, Unit Manager; and (6) Debra Kos, nurse. Id.  On March 13, 2014, a standing practice order was issued which advised Thomas of his obligations under several Local

Rules of Court, including Local Rules 7.5 and 7.6.[1] (Doc. No. 3.)
On March 18, 2014, Thomas filed a motion to proceed in forma
pauperis. (Doc. No. 5.)  On May 28, 2014, Thomas's motion to
proceed in forma pauperis was granted and an order issued
directing that service of the complaint be effectuated on the
defendants named therein. (Doc. No. 12.)  Subsequently, Defendants
waived service of the complaint and on September 15, 2014, filed a
motion to dismiss the complaint. Docs. 17 and 19.  However, on
September 26, 2014, Defendants filed a motion for an order
revoking Thomas's in forma pauperis status and a motion to stay
proceedings pending the resolution of the motion to revoke
Thomas's in forma pauperis status. Docs. 25 and 26. Defendants'
motion to stay was granted on September 30, 2014. Doc. 27.  On
October 14, 2014, Defendants filed a brief in support of their
motion to revoke Thomas's in forma pauperis status. (Doc. No. 31.)
No brief in opposition was filed by Thomas.  Consequently, the
motion was deemed unopposed pursuant to Local Rule 7.6.

---

1.  Thomas was advised that under Local Rule 7.5 that "any party
who files a motion shall be required to file a brief in support
with fourteen (14) days of the filing of the motion" and that
there were only three exceptions to this requirement: motions for
enlargement of time, stipulated motions and motions for
appointment of counsel.  With respect to Local Rule 7.6 Thomas
was advised that "the party against whom [a] motion and brief
have been filed must file a brief in opposition to the moving
party's motion, together with any opposing evidentiary materials
. . . within fourteen (14) days after service of the moving
party's brief on the opposing party."

Although the motion was deemed unopposed, the court addressed the merits of the motion in an order dated February 25, 2016.  The court determined that Thomas had filed three or more actions and appeals which had been dismissed for failure to state a claim and based on that finding, and a finding that he was not under imminent danger of serious physical injury at the time that he filed his complaint, revoked Thomas's in forma pauperis status.[2]  Thomas was given 14 days to pay the balance of the filing fee and advised that failure to do so would result in the dismissal of this action.

On March 18, 2016, Thomas filed a motion for an extension of time to pay the filing fee.  (Doc. No. 50.)  By order of March 25, 2016, the court granted Thomas a 30-day extension of time. In that order Thomas was advised that failure to pay the full filing fee within the thirty (30) days would result in the dismissal of his action.  The thirty (30) days expired on April

---

2.  The order of February 25, 2016, also addressed several other motions, including several motions for appointment of counsel under Tabron v. Grace, 6 F.3d 147, 153, 155-157 (3d Cir. 1993) and motion to file an amended complaint. The court provisionally granted the motions to file an amended complaint.  In addressing the motions for appointment of counsel the court considered the factors set forth in Tabron.  One of those factors was the merits of Thomas's claims.  The court stated in footnote 6 that "[i]n light of the deficiencies of the complaint and that a prior similar case was dismissed in the Western District of Pennsylvania, this court cannot conclude that Thomas has an arguably meritorious case."  Furthermore, because Thomas had filed several motions to file an amended complaint the court provisionally granted those motions and denied Defendants' motion to dismiss the complaint as moot.  The provisional aspect of the court granting the motions to file an amended complaint was the requirement that Thomas pay the full filing fee.

28, 2016, and Thomas has failed to pay the full filing fee.[3]

Consequently, this case will be dismissed.

An appropriate order will be entered.

                        s/ Yvette Kane
                    Yvette Kane
                    United States District Judge

---

3.  The thirtieth day fell on Sunday, April 24, 2016. Therefore,
the court pursuant to Rule 6 of the Federal Rules of Civil
Procedure considered Monday, April 25, the thirtieth day and gave
Thomas the benefit of 3 extra days for mailing.